UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE E. JEMISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No. 3:17-cv-231 |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

# OPINION AND ORDER

Eddie E. Jemison, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254, challenging a prison disciplinary hearing (ISP 17-01-86) in which a Disciplinary Hearing Officer found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction policy B-220. (DE 1 at 1.) As a result, Jemison was sanctioned with the loss of 30 days earned credit time. *Id.*

After Jemison filed his petition, the IDOC vacated the guilty finding and remanded the case for a new hearing. (*See* DE 6-1.) Based on the IDOC's action, the Respondent filed a motion to dismiss, arguing that Griffith's petition is moot because the guilty verdict and accompanying sanctions have been vacated. (DE 6; DE 7.) In response to the motion to dismiss, Jemison filed a "Motion to Hold Prison Disciplinary Rehearing in Abeyance" and a "Memorandum of Law in Support/Reply to Respondent's Motion to Dismiss" (DE 10; DE 13). Both documents argue that the IDOC should not be permitted to re-hear his disciplinary case because a re-hearing would

amount to double jeopardy and because the IDOC no longer has jurisdiction over the case.

He is wrong on both counts. First, double jeopardy does not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Second, it is this court that has no jurisdiction over the second prison disciplinary hearing because Jemison's *habeas* petition only challenged discipline that was imposed as a result of the January 11, 2017 hearing. (DE 1 at 1.) As a result, there no longer is a case or controversy for me to adjudicate, and the petition must be dismissed. *See generally Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (noting that a prisoner can challenge prison disciplinary determination in a habeas proceeding only when a previously conferred benefit has been taken away). If Jemison finds the results of his new disciplinary hearing to be similarly objectionable, he must file a new habeas petition after exhausting his administrative remedies.

There is one tangential matter, which is that the respondent filed a motion to withdraw the appearance of attorney Marjorie Newell. (DE 9.) Deputy Attorney General Aaron Croft has also appeared on the respondent's behalf, so the motion to withdraw will be granted, pursuant to Local Rule 83-8(c).

Accordingly:

(1) the Motion to Dismiss (DE 6) is **GRANTED**, and the Clerk of Court is **DIRECTED** to treat this matter as closed;

(2) Jemison's Motion to Hold Prison Disciplinary Rehearing in Abeyance (DE 10) is **DENIED**; and

(3) the Motion to Withdraw Appearance of Marjorie Newell (DE 9) is **GRANTED**.

**SO ORDERED.**

ENTERED: June 23, 2017

s/ Philip P. Simon<br>JUDGE, UNITED STATES DISTRICT COURT